How & Bogue, Appellants, *vs.* Graham & others, Respondents.

1. A court of equity will not, unless under special circumstances, compel the holder of a prior deed of trust on real estate, which is past due, to permit the holder of a second deed of trust not yet due to redeem and take an assignment.

*Appeal from  St. Louis  Land  Court.*

This was a petition filed in September, 1854, to redeem a deed of trust on real estate.   The facts stated in the petition

were, that on the 2d of August, 1852, the trustee of the wife of Graham, by her consent, conveyed the real estate to the plaintiff, How, in trust to secure the payment to the plaintiff, Bogue, of ten promissory notes, one for $4387 10, payable five years after date, and nine for $127 78 each, payable semi-annually ; that prior to this, to-wit, on the 23d of August, 1851, the same real estate had been conveyed by Mrs. Graham and her trustee to one of the defendants, in trust to secure to Michael Lynch the payment of two promissory notes, each for $731 33, payable one in nine and the other eighteen months after date ; that said last mentioned notes and deed of trust were by Lynch endorsed and transferred to Charles Bobb, another of the defendants ; that the first and a portion of the second of the notes secured by the last named deed of trust had been paid ; that the plaintiff, Bogue, had tendered to Bobb the balance due upon the second note, with interest, and had requested him to assign to him the note and deed of trust, but that he refused to accept the money or make the assignment.

The petition further stated that the security of Bogue for his debt was greatly impaired by the existence of the prior deed of trust, wherefore he prayed to be permitted to redeem, and that the defendant, Bobb, be required to assign, &c.

The petition was demurred to, and the following causes assigned :

1. It does not appear who is in possession of the mortgaged premises.

2. It does not appear who is seized of the mortgaged premises in fee.

3. It does not appear who is receiving the rents of the mortgaged premises.

4. It does not appear who is the owner of the mortgaged premises.

5. There is no averment of an absolute and unconditional tender of the money to Bobb.

6. There is no equity stated in the petition — no fact by which the incumbrance of Bogue is endangered.

7. The plaintiffs are not entitled to the relief asked.

The demurrer was sustained, and the petition dismissed, and the plaintiffs appealed to this court.

*Krum & Harding*, for appellants, cited 2 Story's Eq. Jur. § 1015, 1016, 1023.   7 J. C. R. 25.   4 Kent's Comm. (2d ed.) p. 162.

*Cline & Jamison*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

It looks as if the only purpose of this suit is, to enable Bogue, who has a large incumbrance on this lot, not yet due, to obtain the control of a debt already due, in order to force a sale of the lot, so that by the aid of his incumbrance he may either cause a sacrifice of the property, or obtain it on better conditions than it would otherwise be obtained.   If the plaintiff's real object was merely to obtain possession of the security which stood before his, why did he not proffer to give a bond conditioned that he would not enforce the debt, in the event it should be assigned to him, until the debt due under his deed of trust should become due?

We can see no equity in this suit, whatever motive may have prompted it.   If the prior deed of trust is satisfied, the plaintiff's condition, with respect to the lot, is not bettered. In such event, he could not proceed in any way against the lot.   It does not appear that he is entitled to the rents and profits of the lot to keep down interest, if any is due, which is not shown.

We do not see what the law respecting mortgagor and mortgagee has to do with this matter, as both the instruments alluded to in the petition are deeds of trust.   The other judges. concurring, the judgment will be affirmed.